

# THE COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION
### 436 DWIGHT STREET, SPRINGFIELD, MA 01103



Mitt Romney
Governor

Kerry Healey
Lieutenant Governor

Dorca I. Gomez
Chairwoman

Cynthia A. Tucker
Commissioner

Walter J. Sullivan, Jr.
Commissioner

December 9, 2003

Louis N. Buoniconti.
P.O. Box 408
Wales, MA 01081-0408

Friendly's Ice Cream Corp.
c/o Alex Orban
1855 Boston Road
Wilbraham, MA 01095

Re: Buoniconti v Friendly's Ice Cream Corp.
No: 032300485

Dear Parties/Counsel:

You are hereby notified that I have found probable cause to credit the allegations in the above-referenced complaint. A copy of the disposition is enclosed.

Under Massachusetts General Laws, Chapter 151B, Section 5, the Commission endeavors to bring about compliance with the Commonwealth's anti-discrimination laws without resort to a public hearing. To this end parties and counsel are required to attend a conciliation conference at the Commission's offices on _February 11, 2004 at 3:00 p.m._ to explore voluntary resolution.

Resolution is difficult at best, and may be impossible, without the presence of decision-makers. The Commission therefore requires that parties appear in person for conciliation. In the case of a corporate party, the officer designated to appear must be fully able to evaluate the claims and offer an appropriate settlement. We also strongly suggest that Complainant's counsel send a written proposal of settlement to Respondent's counsel not fewer than ten days prior to the scheduled meeting. We also require that parties confer not fewer than five (5) days prior to the conciliation date to discuss settlement. Be prepared to spend one to two hours at the session. Respondent's failure to attend this meeting may result in immediate certification to public hearing. Complainant's failure to attend may result in dismissal of the case.

If you have any question, please contact me at (413) 739-2145.

Very truly yours,

Cynthia A. Tucker,
Investigating Commissioner

Enclosures

Tel: (413) 739-2145    Fax (413) 784-1056

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION
INVESTIGATION FACT SHEET

To: Louis Buoniconti
P.O. Box 408
Wales, MA 01081-0408

From: COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION
436 DWIGHT STREET, SUITE 220
SPRINGFIELD, MA 01103

| Docket No | EEOC No. | Investigator | Telephone No. |
|---|---|---|---|
| 032300485 | 16CA301072 | Karen Dome | (413) 739-2145 |

Case Name:
Buoniconti v Friendly's Ice Cream Corp.

### Investigation Summary:

On January 28, 2003 Complainant filed a complaint with this Commission charging that Respondent discriminated against him by denying him a reasonable accommodation, which led to his wrongful termination based on his disability (torn rotator cuff in right arm) in violation of M.G.L. Chapter 151B, §4, (16), and the Americans with Disabilities Act (ADA).

Respondents deny all allegations of unlawful discrimination.

### Issue(s) Investigated:

The substantive issues in dispute in this charge concern Complainant's allegations that he was discriminated against by Respondent's denial of a reasonable accommodation, which led to his wrongful termination based on his disability (torn rotator cuff in right arm).

### Investigation Reveals:

The evidence submitted includes Complainant's Complaint, Respondents' Position Statements, and Complainant's Rebuttal.

Respondent, Friendly's Ice Cream Corp. is an employer, as defined in M.G.L. c. 151B, §1, ¶5.

Complainant was hired in May 1994 as a Truck Driver. Complainant has eight years of work experience with Respondent.

Complainant underwent surgery to repair a torn rotator cuff on his right shoulder on December 6, 2000, was out of work until March 19, 2001 and then underwent a second surgery on January 10, 2002 to repair a re-tear of the rotator cuff in his right shoulder. The torn rotator cuff injury occurred while Complainant was on the job making a delivery in Connecticut.

Complainant says that Respondent asserts that he was completely disabled on January 3, 2002. Complainant states that a more accurate timeline of the events is that he was completely disabled as of January 10, 2002, as that is the day that he had his second surgery. Before this date, Complainant was performing light duty work through January 9, 2002, as he had been doing since March 19, 2001, following his first rotator cuff repair surgery to his right shoulder.

On March 28, 2002, Complainant provided Respondent with a physician release indicating his ability to return to work on light duty with a one-pound weight restriction on his right arm, effective April 8, 2002. Respondent stated that there was no light duty work available for Complainant that accommodated his physician's restriction. Complainant was made aware by Emma Henry on April 23, 2002 that there was available light duty work stuffing

envelopes. Respondent stated that this type of work was not an actual job and therefore could not be considered for Complainant's light duty, as well as the fact that Jennie Trombley of the Worker's Compensation Department felt that she was not comfortable giving Complainant work with the limitations his physician had put him under. Various other light duty tasks within the company are peeling candy; training new drivers and driver runs for the Distribution Department referred to as *Retail* runs and *Storage* runs.

On June 6, 2002, Complainant was informed that he was laid off. He continued to express his desire to return to work during the summer months, in the instance of any available light duty work. On July 8, 2002 Complainant's physician increased his lifting restriction to no more than 30-35 pounds. At this time, Friendly's was advertising Truck Driver positions in the employment opportunities section of their website.

On September 3, 2002, Complainant was released by his physician to full duty work as a truck driver with the ability to lift up to 60 pounds. Complainant immediately proceeded to Friendly's offices in Chicopee where he notified Mr. Almeida of his physician's release and expressed interest again to return to work. Mr. Almeida photocopied the release and said he would discuss it with Mr. St. Marie.

On September 5, 2002, Complainant was informed that his layoff in June was a permanent layoff.

Respondent denies all allegations of unlawful discrimination. They state that Complainant exhausted the allotted time for being on light duty. Respondent states that there were no jobs available to fit Complainant's restriction, and the tasks that Complainant mentioned were not considered actual jobs. They state that it would be unfair to hire Complainant back and have him resume the position in seniority that he had prior to his injury and subsequent leave of absence. Respondent states that they are willing to allow Complainant to return to work, however he would have to start at the bottom of the seniority status, and work his way up again. They say that they have other drivers that are on lay off, and therefore cannot rehire Complainant, without rehiring those that were laid off before him.

**CONCLUSION:**
Based on the foregoing findings, a finder of fact could form the reasonable belief that Respondents discriminated against Complainant on the basis of his disability (torn rotator cuff in right arm) and denied him a reasonable accommodation, which led to his termination. Credibility issues exist which are better determined by a hearing officer who may observe witnesses firsthand. Further, genuine issues of material fact are present which are reserved for determination at a public hearing. Therefore, a finding of probable cause is warranted.

**DISPOSITION:**
Therefore, pursuant to Section 5 of Chapter 151B of the Massachusetts General Laws, and in conformity with the foregoing Findings of Facts, I have this day found that probable cause exists for crediting the allegations of the subject complaint. Pursuant to said Section 5, the parties will be afforded an opportunity to participate in a conciliation conference at the offices of the Commission. If the parties do not choose to participate, or if such conference does not result in an informal resolution of this matter, the case will be certified for public hearing and a final disposition on this matter will be rendered by the designated Hearing Commissioner.

Rachel Freeman
Investigative Intern

Karen Dome
Investigator

Migdalia Rivera
Supervisor

Cynthia A. Tucker
Investigating Commissioner
Date: 12-16-03

Cc: Friendly's Ice Cream Corp
c/o Alex Orban
1855 Boston Road
Springfield, MA 01101